# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUNE LEE WOLVERINE,<br><br>Defendant. | CR 12-81-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant June Lee Wolverine (Wolverine) has been accused of violating the conditions of her supervised release. Wolverine admitted all of the alleged violations, except one. Wolverine's supervised release should be revoked. Wolverine should be placed in custody for 3 months, with 33 months of supervised release to follow. Wolverine should serve her term of custody at the Bureau of Prisons' facility in Waseca, Minnesota. Wolverine should serve the first 2 months of supervised release at Passages in Billings, Montana.

## II. Status

Wolverine was found guilty of Assault Resulting in Serious Bodily Injury, and Assault with a Dangerous Weapon on December 20, 2012, following a jury

trial. (Doc. 56). The Court sentenced Wolverine to 78 months of custody, followed by 3 years of supervised release. (Doc. 79). Wolverine's current term of supervised release began on July 25, 2018. (Doc. 104 at 1).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Wolverine's supervised release on July 29, 2019. (Doc. 104). The Petition alleged that Wolverine violated the conditions of her supervised release: 1) by consuming alcohol; 2) by committing another crime; 3) by using methamphetamine; and 4) by failing to report for mental health treatment.

**Initial appearance**

Wolverine appeared before the undersigned for her initial appearance on August 6, 2019. Wolverine was represented by counsel. Wolverine stated that she had read the petition and that she understood the allegations. Wolverine waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 6, 2019. Wolverine admitted that she had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using methamphetamine; and 3) by failing to report for

2

mental health treatment. The government did not attempt to prove that Wolverine had committed another crime. The violations that Wolverine admitted are serious and warrant revocation of Wolverine's supervised release.

Wolverine's violations are Grade C violations. Wolverine's criminal history category is II. Wolverine's underlying offenses are Class C felonies. Wolverine could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Wolverine's supervised release should be revoked. Wolverine should be incarcerated for 3 months, with 33 months of supervised release to follow. Wolverine should serve her term of custody at the Bureau of Prisons' facility in Waseca, Minnesota. Wolverine should serve the first 2 months of supervised release at Passages in Billings, Montana. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Wolverine that the above sentence would be recommended to Judge Morris. The Court also informed Wolverine of her right to

object to these Findings and Recommendations within 14 days of their issuance.

The Court explained to Wolverine that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That June Lee Wolverine violated the conditions of her supervised release by consuming alcohol, by using methamphetamine, and by failing to report for mental health treatment.

The Court **RECOMMENDS:**

> That the District Court revoke Wolverine's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 3 months, with 33 months of supervised release to follow. Wolverine should serve her term of custody at the Bureau of Prisons' facility in Waseca, Minnesota. Wolverine should serve the first 2 months of supervised release at Passages in Billings, Montana.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of August, 2019.

John Johnston
United States Magistrate Judge

5