# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  vs.<br><br>JUNE LEE WOLVERINE,<br><br>    Defendant. | CR-12-81-GF-BMM<br><br>**O**RDER |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 14, 2020. (Doc. 136.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on May 13, 2020. (Doc. 137.) The United States accused Wolverine of violating her conditions of supervised  1) by using methamphetamine; 2) by leaving

Cascade County without the prior approval of her probation officer; 3) by failing to notify her probation officer of a change in employment status; 4) by consuming alcohol on two separate occasions; 5) by failing to notify her probation officer of a contact with law enforcement; 6) by having contact with the victim in this case; 7) by failing to report for substance abuse treatment on five separate occasions; 8) by failing to report for mental health treatment; and 9) by committing another crime. (Doc. 133.)

At the revocation hearing, Wolverine admitted that she had violated the condition of her supervised release 1) by using methamphetamine; 2) by leaving Cascade County without the prior approval of her probation officer; 3) by failing to notify her probation officer of a change in employment status; 4) by consuming alcohol; 5) by failing to notify her probation officer of a contact with law enforcement; 6) by failing to report for substance abuse treatment on five separate occasions; and 7) by failing to report for mental health treatment. The Court dismissed alleged violations 6 and 12 on the government's motion.  Wolverine denied alleged violations 14 and 15.  The government did not attempt to prove alleged violations 14 and 15.  (Doc. 137.)  Judge Johnston found that Wolverine's violations warranted revocation, and recommended that Wolverine should receive a custodial sentence of 8 months, with 25 months supervised release to follow. (Doc. 136.)

The violations prove serious and warrant revocation of Wolverine's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 136) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Defendant June Lee Wolverine be incarcerated for 8 months, with 25 months of supervised release to follow.

DATED this 27th day of May, 2020.

_____
Brian Morris, Chief District Judge
United States District Court